# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE      )
                             )
       v.              )    I.D. No. 1904020542
                             )
JOSEPH SERAMONE,      )
                             )
    Defendant.      )

Submitted: June 27, 2024
Decided: July 8, 2024

*Upon Defendant Joseph Seramone's Motion for Correction of Illegal Sentence*
**DENIED**

## MEMORANDUM OPINION

Cari Chapman, Esquire, Deputy Attorney General, DEPARTMENT OF JUSTICE, 820 North French Street, Wilmington, DE 19801, Attorney for State of Delaware.

Joseph Seramone, SBI #818550, James T. Vaughn Correctional Center 1181 Paddock Road, Smyrna, DE 19977, Defendant, *pro se.*

**WHARTON, J.**

## I.    INTRODUCTION

The Defendant, Joseph Seramone ("Seramone"), pled guilty to rape second degree.  The Court sentenced him to life imprisonment.  Dissatisfied with his sentence, he first sought a sentence reduction.  That attempt failed.  Then, he sought postconviction relief because he claimed he was induced to plead guilty by ineffective counsel who misled him and failed to adequately investigate and present his case.  This Court was unpersuaded and denied his postconviction relief motion.  The Delaware Supreme Court affirmed that decision.  Now, Seramone is back contending that his life sentence is illegal.  After carefully considering Seramone's arguments and the record in this case, it is obvious to the Court that Seramone's current attempt to avoid his condign punishment fails as well.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

Seramone pled guilty to rape in the second degree on June 28, 2022.[1]  In the plea agreement, the State agreed to recommend no more than the 25-year minimum mandatory sentence at Level V required by statute.[2]  After a presentence investigation was completed, the Court sentenced Seramone to life on October 7, 2022.[3]  Seramone did not appeal to the Delaware Supreme Court.  Instead, on December 27, 2022, he moved for a reduction of his sentence.[4]  The Court denied

---

[1] D.I. 27.
[2] *Id.*
[3] D.I. 28.
[4] D.I. 29.

that request on January 6, 2023.[5]  He then moved for postconviction relief alleging ineffective assistance of counsel.[6]  This Court denied that motion.[7]  The Delaware Supreme Court affirmed this Court's decision.[8]  Now, Seramone moves under Superior Criminal Rule 35(a) to correct what he claims is an illegal sentence.[9]

The terms of the plea agreement into which Seramone entered, as explained by the State, were that Seramone would plead guilty to rape second degree, the State would enter *nolle prosequis* on the remaining charges in the indictment, request a presentence investigation, and recommend no more than the 25-year minimum mandatory sentence at Level V required by 11 *Del. C.* § 4205A(a)(2).[10]  Seramone's counsel then confirmed that Seramone understood the plea agreement, the State's recommendation, the required minimum mandatory sentence, the maximum sentence of life, and the constitutional rights he was waiving by entering the plea.[11]

The Court began its colloquy with Seramone by asking him to tell the truth, which he agreed to do.[12]  He agreed that everything the State and his attorney said was truthful.[13]  The Court read the rape second degree charge to Seramone.

---

[5] D.I. 30.
[6] D.I. 38/39.
[7] *State v. Seramone,* 2023 WL 5352688 (Del. Super. Ct. Aug. 18, 2023) (reissued Nov. 28, 2023).
[8] *Seramone v. State,* 2024 WL 939917 (Del. 2024).
[9] D.I. 53.
[10] Tr. Plea Hr'g., June 28, 2022, at 2.
[11] *Id.* at 3.
[12] *Id.* at 4.
[13] *Id.*

3

THE COURT:  I'm going to read to you Count 5, the rape second degree charge.  Count 1 [sic] says that you, on or between the first day of January 2011 and the 31st day of December 2018 in the County of New Castle, State of Delaware, did intentionally engage in sexual intercourse with KM, a child less than 14 years of age, and the intercourse occurred without the victim's consent.  Do you understand that charge?

THE DEFENDANT:  Yes.

THE COURT:  How do you plead?

THE DEFENDANT:  Guilty.

THE COURT:  Are you pleading guilty because you are guilty of rape in the second degree?

THE DEFENDANT:  Yes.[14]

The Court then addressed the Truth-In-Sentencing Guilty Plea Form with Seramone.[15]  He told the Court that he understood all of the questions on the form and that he answered the questions "accurately and truthfully."[16]  After discussing his constitutional trial rights with him the Court's colloquy turned to topics pertinent here:

THE COURT:  Your attorney went over the maximum penalty, which is 25 years to life for this charge.  Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  Has anyone promised you anything to enter into this guilty plea?

THE DEFENDANT:  No.

---

[14] *Id.* at 4-5.  The Court mistakenly referenced Count 1, but read Count 5.
[15] *Id.* at 5-8.
[16] *Id.* at 5-6.

THE COURT: Has anyone forced you or threatened you to enter into this plea?

THE DEFENDANT: No.[17]

The Court then returned to the plea agreement:

THE COURT: The proposed sentenced is that the State agrees to recommend no more than 25 years, minimum mandatory, unsuspended Level 5 pursuant to 11 *Del. C.* 4205(a) A small A, 2. Do you see that?

THE DEFENDANT: Yes.

THE COURT: Do you understand it's only a recommendation and that the Court, when you are sentenced, does not have to follow that recommendation?

THE DEFENDANT: Yes.

THE COURT: Do you understand that, normally, only illegal sentences may be appealed? An illegal sentence is not one – an illegal sentence is one that the law does not allow, not one that is different from the one recommended in the plea agreement.

THE DEFENDANT: Yes.

THE COURT: Have you discussed this matter fully with your attorney, including the maximum penalties and other aspects of this plea?

THE DEFENDANT: Yes, I have.

THE COURT: Are you knowingly and voluntarily entering into this plea because you are guilty of rape in the second degree?

---

[17] *Id.* at 7.

5

THE DEFENDANT: Yes.[18]

At the conclusion of the colloquy, the Court was satisfied that Seramone's plea was knowingly, voluntarily, and intelligently made and that Seramone understood the nature and consequences of it.[19] The Court then accepted the plea.[20]

## III.   SERAMONE'S CONTENTIONS

Seramone predicates his motion on the claim that his sentence is one which the judgment of conviction did not authorize.[21] He reasons that his judgment of conviction was for rape in the second degree, Count 5, under 11 *Del. C.* § 772.[22] The penalty authorized for that crime by that section is a range of between 10 and 25 years of imprisonment.[23] Citing *Apprendi v. New Jersey*[24] and A*lleyne v. United States,*[25] he argues that § 4205A(a)(2) constitutes an element of a separate criminal offense.[26] He contends that rape in the second degree is made an aggravated separate offense under § 4205A(a)(2) by the 'age of the victim' element being less than 14 years of age instead of the "without the victim's consent" element of § 772.[27] Therefore, he contends, he is entitled to the same procedural safeguards under § 4205A(a)(2) as he

---

[18] *Id.* at 8-9.
[19] *Id.* at 9.
[20] *Id.*
[21] D.I. 53, at 1.
[22] *Id.* at 3
[23] *Id.* at 3-4.
[24] 530 U.S. 466 (2000).
[25] 570 U.S. 99 (2013).
[26] D.I. 53, at 4-5.
[27] *Id.* at 5-6.

is under § 772.[28]  Specifically, he argues that the State may proceed against him under § 4205A(a)(2) only upon indictment by the grand jury.[29]  He insists that the plea agreement, which referenced § 4205A(a)(2) and included a joint recommendation of 25 years, cannot be given effect because that sentence is not authorized by Delaware law.[30]  Further, his plea "allocution" [sic] did not invoke § 4205A(a)(2) so as to allow the Court to sentence him under that section's enhanced penalty provisions.[31]  The procedure by which § 4205A is triggered – application of the State – is unconstitutional because it deprives him of notice, an opportunity to defend against the enhancement, and his right to a jury trial on factual issues.[32]  Finally, he reiterates his contention that a natural life sentence is not authorized by the penalties prescribed by § 772.[33]  Synthesizing these claims, it appears to the Court that Seramone is contending that the enhanced penalty provision of § 4205A(a)(2) is a separate crime from the charge to which he pled guilty – second degree rape under § 772.  As a result, he is entitled to have all of the constitutional due process and procedural rights applied to his sentence under § 4205A.  Those rights include the right to be indicted for a violation of § 4205A(a)(2) and the right to a unanimous verdict from a jury finding him guilty beyond a reasonable doubt before he can be sentenced under that statute.

---

[28] *Id.* at 7-9.
[29] *Id.*
[30] *Id.* at 9-10.
[31] *Id.* at 11-12.
[32] *Id.* at 13-17.
[33] *Id.* at 17-19.

Because he was denied those rights, his plea agreement and the supporting colloquy cannot suffice to cure that wrong.

## IV.  STANDARD AND SCOPE OF REVIEW

Pursuant to Criminal Rule 35(a), the Court may correct an illegal sentence at any time.[34]  A sentence is illegal if it violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to the substance of the sentence, or is a sentence that the judgment of conviction did not authorize.[35]

## V.  DISCUSSION

Properly understood, § 4205A(a)(2) establishes a sentencing enhancement to the crime of rape second degree (and other sex offenses), not a separate crime from second degree rape.  It provides that, upon the application of the State, the Court "shall sentence a defendant convicted of …[rape in the second degree]… to not less than 25 years up to life imprisonment…if (2) the victim of the instant offense is a child less than 14 years of age."[36]

It is apparent from the plain language of the statute that three conditions must be met before the enhanced sentencing range of § 4205A(a)(2) must be applied.  First, the defendant must be convicted of a denominated sex offense - here rape in the

---

[34] Super. Ct. Crim. R. 35(a).
[35] *Brittingham v. State,* 705 A.2d 577, 578 (Del. 1998).
[36] 11 *Del. C.* § 4205A(a)(2).

second degree.  Second, the victim must be less than 14 years of age.  Third, the State must ask that the section be invoked.

It is useful to set out the state of the record before the Court when Seramone was sentenced and to determine what, if any, facts were yet to be established. Seramone entered a guilty plea to Count 5 of the indictment.  It alleged in pertinent part that Seramone on or between January 1, 2011 and December 31, 2018, "did intentionally engage in sexual intercourse with K.M., a child less than 14 years of age and the intercourse occurred without the victim's consent."[37]  The plea agreement, signed by Seramone, stated that "the State agrees to recommend no more than 25 years min. man. (unsuspended level V) pursuant to 11 Del. C. 4205A(a)(2)."[38]  The accompanying Truth in Sentencing Guilty Plea Form, also signed by Seramone, establishes that the rape second degree charge carried a statutory penalty of between 25 years and life with a minimum mandatory sentence of 25 years.[39]  Finally, in his plea colloquy with the Court Seramone admitted that he "intentionally engaged in sexual intercourse with K.M., a child less than 14 years of age and the intercourse occurred without the victim's consent"[40] and that he faced a sentence of 25 years to life.[41]

---

[37] Indictment, Count V, D.I. 3.
[38] D.I. 27.
[39] *Id.*
[40] Tr. Plea Hr'g., June 28, 2022, at 4-5.
[41] *Id.* at 7.

This record establishes that all of the predicates for the invocation of § 4205A(a)(2)'s enhancement provisions were met – Seramone was convicted of rape second degree, the victim was a child less than 14 years of age, and the State was seeking enhanced sentencing under that section. Seramone admitted that he was guilty of second degree rape and that the victim was a child less than 14 years of age. He was also on notice that the State was seeking to have him sentenced under the provisions of § 4205A(a)(2) by reference to that section in the plea agreement. Thus, unlike *Apprendi* and *Allyene,* there were no facts left to be resolved by a jury before § 4205A(a)(2) was triggered.

The Court turns to Seramone's arguments as it understands them. It rejects his contention that his judgement of conviction on the charge of rape in the second degree limited his sentencing range to 10 to 25 years. The Legislature provided in § 4205A(a)(2) that, upon the application of the State, defendants convicted of rape in the second degree under § 772, where the victim was less than 14 years old, were subject to a sentencing range of between 25 years and life. This sentencing provision is just as valid for the charge of second degree rape as any other sentencing provision, including those for class B felonies generally, or, where appropriate, habitual offenders.

Section 4205A(a)(2) is a sentencing enhancer. It requires a fact that must be proved – the victim's age – before it takes effect. The indictment alleged that the victim was less than 14 years old and that the intercourse occurred without the

victim's consent. Under 11 *Del. C.* § 761(l) a child less than 16 cannot consent to a sexual act with someone more than four years older, which Seramone clearly is.[42] Presumably, were the fact of the victim's age not alleged in the indictment and admitted by Seramone, Seramone would be entitled to a jury trial on that factual issue at which the State would be required to prove the victim's age beyond a reasonable doubt to a unanimous jury's satisfaction.[43] The effect of the plea agreement and the plea colloquy cannot be waived off as Seramone contends. The inclusion of the victim's age in the indictment and Seramone's admission that she was under 14 eliminated the need for a jury to resolve that factual issue, either at trial or at a separate hearing prior to sentencing. Further, the statute itself and the State's representation in the plea agreement that it was seeking sentencing under § 4205A(a)(2) provided Seramone with notice that he would receive a sentence between 25 years and life.

Accordingly, the Court concludes that: (1) Seramone's enhanced punishment under § 4205A(a)(2) of natural life was authorized by law; (2) he was afforded all of the procedural safeguards to which he was entitled; (3) the sentence referenced in the plea agreement was authorized by Delaware law; (4) his plea colloquy established all of the facts necessary to trigger the application of § 4205A(a)(2); and (5) that section is not unconstitutional.

## VI.   CONCLUSION

---

[42] 11 *Del. C.* § 761(l).

[43] *See, Erlinger v. United States,* 602 U. S. ___ (2024), 2024 WL 3074427 (2024); *Apprendi; Alleyne.*

11

**THEREFORE,** for the reasons set out above, Defendant Joseph Seramone's Motion for Correction of Illegal Sentence is **DENIED.**

**IT IS SO ORDERED.**

/s/ Ferris W. Wharton
Ferris W. Wharton, J.